## 5246. ROGERS & HEATH *et al. v.* POWELL COMPANY.

Where a series of law-books were ordered by a firm of attorneys at law, and accepted and placed upon their shelves without examination, and instalments on the purchase-price were paid, covering a period of several months, in a suit for the balance of the purchase-price a plea' was properly stricken which alleged, in substance, that the defendants had not examined the books until after a part of the purchase-price had been paid, and that upon such examination the books were found to be a mere general and unscientific treatment of the subjects of which they purported to treat, and were unsuited to the practice in the local courts, and that the seller knew when the books were sold that the defendants desired them for use in such practice.

DECIDED JANUARY 20, 1914.

Appeal; from Coffee superior court—Judge Parker. September 27, 1913.

*Chastain & Henson, Osteen & Wallace, C. A. Ward,* for plaintiffs in error.

*McDonald & Grantham, J. W. McDonald,* contra.

POTTLE, J. The L. D. Powell Company sued Rogers & Heath, a firm of attorneys at law, for the balance of the purchase-price of certain law-books, known as the Encyclopedia of Evidence and the Standard Encyclopedia of Procedure. The books had been delivered to the defendants and a written order, which contained the terms of the sale, was signed by them. The order was dated February 16, 1911, and shortly thereafter the books were delivered. On September 25, 1911, the defendants paid $12 on the contract, and on December 18, 1911, they paid a like sum, leaving a balance of $96 still due. The only question in the case is whether the defendants' answer set forth any defense. They admitted the execution of the order, the receipt of the books, and payment of a part of the purchase-price as above set forth. They averred, however, that the books were not reasonably suited for their purpose and were totally worthless. This conclusion is based upon the averment that the defendants were practicing law in a country town and purchased the books for use in their general practice in the local courts, and that this fact was well known to the plaintiff, whose agent spent some time with the defendants in their office and entered into a general discussion with them as to the scope of their practice and the class of business done by them. It is alleged that this agent knew that the defendants were striving to accumulate a library bearing directly upon Georgia law, and that upon the ad-

vice of the agent that the books were well suited to their practice, they signed the order for the books, relying on the implied warranty of law that the books were suitable for the purpose intended. They did not examine the books at the time the order was given, and it was not until after they had made the second payment on the contract that they had occasion to investigate certain questions of evidence and procedure arising in their practice, and to their surprise they were unable to find in the books any reference upon the point they were investigating. They then immediately made a more careful examination of the books, and secured the opinions of other attorneys, and found that the books were worthless for the purpose for which they were sold. The plea at some length sets out the contention that the books are not suited for Georgia practice, and that the subjects discussed are treated in the most general form, and that they refer mainly to rulings of courts of New England States. The plea criticises at length the arrangement of the books, the treatment of the various subjects dealt with, and the indices, contending that the books appear to have been prepared by inexperienced lawyers and clerks, and are wholly unsuited to the defendants' practice.

We have no difficulty in holding that the trial judge was right in in refusing to sanction the petition for certiorari, which complains of the action of the judge in striking the defendants' plea and entering judgment in favor of the plaintiff. There is no contention that the plaintiff's agent made any fraudulent representations in reference to the contents of the books. The defendants were experienced attorneys at law. The plaintiff did nothing to prevent them from making a full and complete examination of the books. They had this opportunity at the time the order was given; and they made payments on the contract, and the books were on their shelves for several months before any examination was made. It is not suggested that any fraud was perpetrated on the defendants. According to the plea, the case is simply one in which the seller of the books exhibited them to the prospective purchasers with the recommendation that the books would be of service to the defendants in their practice. If they accepted the books without examination and afterwards became dissatisfied, they are not entitled to complain, unless they can show that through some fraud or artifice of the seller they were not permitted to make the ex-

amination. Moreover, the plea is totally insufficient in its allegation in reference to the quality of the books. The averment that the books are unsuited to the defendants' practice is a mere conclusion, not supported by the facts pleaded. From the plea it appears that the books are law publications dealing with evidence and procedure; and courts will take judicial knowledge of the fact that even though the books do not deal directly with the rules of evidence and procedure as applied in the local courts, still any law-books which deal generally with substantive law or procedure can not be said to be wholly unsuited to the practice of law in Georgia. There is no contention that the books contain such misleading and inaccurate statements of the law as to make them wholly worthless to attorneys of law; and we are not prepared to hold that books dealing with law and procedure as applied in other jurisdictions are of no value to Georgia lawyers. Scarcely a day passes that the courts of last resort in this State do not consult encyclopedias and other books containing discussions of the common law and statute law of other States, to aid in the construction and application of the law of this State. If a law-book should be considered worthless because on one occasion a lawyer was unable to find in it a decision directly on the point under investigation, very few legal publications could stand the test. The defendants' plea was wholly without merit and was properly stricken on demurrer. We might say, in passing, that while we can not be influenced by the fact, yet after a very careful examination of the series of books sold to the defendants, this court reached the conclusion that they were works of sufficient merit to justify us in placing them in our official library, and we frequently consult them with pleasure and profit in passing upon cases similar to those which arise in the defendants' practice.                    *Judgment affirmed.*